UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMPLOYEE PAINTERS TRUST HEALTH & WELFARE FUND, WESTERN WASHINGTON PAINTERS DEFINED CONTRIBUTION PENSION TRUST, WESTERN WASHINGTON APPRENTICESHIP AND TRAINING TRUST, LABOR MANAGEMENT COOPERATION TRUST FUND, INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES PENSION FUND, INTERNATIONAL BROTHERHOOD OF PAINTERS & ALLIED TRADES UNION & INDUSTRY FUND, AND INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES DISTRICT COUNCIL NO. 5,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>TIMOTHY H. JACKSON and JODI L. JACKSON, husband and wife and the marital community comprise thereof and BRYDON PAINTING SERVICES, INC., a Washington corporation,,<br><br>　　　　　　Defendants. | CAUSE NO. C06-5145KLS<br><br><br><br>ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

　　　　　This matter comes before the court on the Summary Judgment Motion filed on behalf of the Plaintiffs (Dkt. #15). The defendants filed their Response (Dkt. #17), the plaintiffs filed their Reply (dkt.

Order Denying Summary Judgment Motion
Page - 1

1  #22) and the defendants filed a Surreply (Dkt. #25).

2      This is an action filed by the plaintiffs alleging entitlement to payment for contribution to the Trust Funds for union related work performed by employees of Brydon Painting Service. The plaintiffs' motion is based on the assumption that contribution rate increases (agreed to by the Union after February 28, 2005) apply to the defendant pursuant to the automatic renewal language found in paragraph 23.1 of the Western Washington Area Agreement for the Painting Industry. Paragraph 23.1 states that the Agreement remains in effect until February 28, 2005 and "shall automatically renew itself from year to year thereafter" unless certain steps are taken. The Court notes that the Agreement itself sets forth specific contribution rates. The defendant denies that he agreed to any increase in contribution rates after February 28, 2005 and further asserts that any payments he made were "on the basis of our calculations on the contract that was in force which expired 2005." (Dkt. #18, page 3, lines 14 and 15). This court further notes that one of the documents provided by the plaintiff is a letter dated September 27, 2006 to Jodi Jackson from Melissa Kollman which advises "you have been using old rates in your contribution calculations for quite some time." (Part of Exhibit B).

    The auditor noted a dispute as to the regarding the contribution rate in his letter report (not presented to the court under oath) and reached his conclusion as to the amount due and owing on the assumption that the new contribution rates applied.

    There are material issues of disputed facts in this case and the motion is therefore **DENIED**.

DATED this 9th day of February, 2007.

                  /s/ Karen L. Strombom
                 Karen L. Strombom
                 U.S. Magistrate Judge

Order Denying Summary Judgment Motion
Page - 2