Honorable Karen L. Strombom
TRIAL DATE: April 4, 2007

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, AT TACOMA

| | |
|---|---|
| EMPLOYEE PAINTERS TRUST HEALTH & WELFARE FUND, WESTERN WASHINGTON PAINTERS DEFINED CONTRIBUTION PENSION TRUST, WESTERN WASHINGTON APPRENTICESHIP AND TRAINING TRUST, WESTERN WASHINGTON PAINTERS LABOR MANAGEMNET COOPERATION TRUST FUND, INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES PENSION FUND AND INTERNATIONAL BROTHERHOOD OF PAINTERS & ALLIED TRADES UNION & INDUSTRY FUND, and INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES DISTRICT COUNCIL NO. 5, <br><br>       Plaintiff, <br><br>   vs. <br><br>TIMOTHY E. JACKSON and JODI L. JACKSON, and the marital community comprised thereof, and BRYDON PAINTING SERVICE, <br><br>       Defendant. | CAUSE NO.: C06-5145KLS <br><br> AGREED PRETRIAL ORDER |

PRE-TRIAL ORDER
CASE NO. C06-5145 KLS - PAGE 1 OF 14

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

## Jurisdiction

Jurisdiction is conferred on this Court by §301(a) of the Labor-Management Relations Act, (the Act) 29 USC §185(a) and §§502(a)(3) and 502(e)(2) of Employee Retirement Income Security Act of 1974 (ERISA),  29 USC §§1132(a)(3) and 1132(e)(2). The Defendant is doing business as defined in §301(a) of the Labor-Management Relations Act, 29 USC §141 et seq within in the jurisdiction of this Court.

## Claims

The Plaintiff will pursue at trial the following claims against the Defendants:

1. Breach of the Collective Bargaining Agreement by the Defendant, violation of ERISA Section 502 and 515, and violation of the Labor-Management Act.

## Defenses

The Defendant will pursue at trial the following defenses to the claims of the Plaintiffs:

1. Breach of the Collective Bargaining Agreement by the Plaintiff.

2. Contributions made to the Trust under the Collective Bargaining Agreement by the Defendants met or exceeded the amounts owed to Plaintiffs and were paid as a mistake of law or fact.

3. The 2000 Collective Bargaining Agreement contained an "evergreen clause" requiring that without proper notice of modification or termination of the Collective Bargaining Agreement that the Agreement would be automatically renewed on terms of old Agreement on an annual basis.

4. Plaintiffs are not entitled to payment for contributions in November and December of 2005 which were for non-union related work by employees of Defendant.

PRE-TRIAL ORDER
CASE NO. C06-5145 KLS - PAGE 2 OF 14

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

<u>Counterclaims</u>

The Defendant will pursue at trial the following counterclaims against the Plaintiffs:

1. Defendants are entitled to a refund for contributions made to the Trust under theories of restitution and unjust enrichment.

2. The Plaintiffs object to the Defendant's counterclaim on the basis that such a claim is untimely and contrary to controlling Federal Law as evidenced in ERISA §403 (2)(A)(ii), 29 U.S.C. § 1103 (2)(A)(ii).

<u>Admitted Facts</u>

The parties admit the following facts:

1. The Employee Painters Trust Health & Welfare Fund, Western Washington Painters Defined Contribution Pension Trust, Western Washington Apprenticeship and Training Trust, Western Washington Painters Labor Management Cooperation Trust Fund, and the International Brotherhood of Painters & Allied Trades Industry Fund (the Plaintiff Trust Funds) are joint Labor-Management Trust Funds and as such are governed under the Act, 29 USC §141 et seq. and ERISA 29 U.S.C §1001 et seq.

2. Brydon Painting (the Defendants) and the International Union of Painters and Allied Trades (the Union) signed a Collective Bargaining Agreement effective March 1, 2000, through February 28, 2005.

3. The Trust Funds are third-party beneficiaries to the Collective Bargaining Agreement between the Defendants and the Union.

4. The Defendants have made contributions to the Trust Funds from March 2000 through September 2006.

PRE-TRIAL ORDER
CASE NO. C06-5145 KLS - PAGE 3 OF 14

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

5. The Defendant's employees have applied for and received benefits from the Trust Fund in accordance with the Trust Agreement and Collective Bargaining Agreement from March 2000 through September 2006

6. By signing the Collective Bargaining Agreement the Defendants agreed to be bound by the Trust Funds Trust Agreement, which mandates that all corporate officers accept personal liability for contributions to the Trust Funds.

7. The Defendants are doing business within the jurisdiction of the Court as that activity is defined under §301 of the Act.

8. That on or about October 2006, Plaintiff caused a monthly contribution report showing that the alleged $899.61 was paid.

## Disputed Facts

The Plaintiffs contend as follows:

1. The Defendants signed a Collective Bargaining Agreement which requires contributions to the Trust Funds effective March 1, 2000.

2. As shown by the payroll audit the Defendants have failed to make all the contributions are required.

3. The Defendants have approved and ratified acceptance of the new rates as outlined in the Master Collective Bargaining Agreement through payment of the new rates and acceptance of employee benefits.

4. With respect to Defendants contention that the work assigned to the employees in November and December 2005 was non-bargaining work it

PRE-TRIAL ORDER
CASE NO. C06-5145 KLS - PAGE 4 OF 14

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

was not designated as such in accordance with the Collective Bargaining Agreement provisions.

The Defendant contends as follows:

1. Defendants contends that the Collective part of the Agreement entered into October 5, 2000, with effective dates March 1, 2000 thru Feb. 28, 2005, and is the controlling document in this case. That document expired February 28, 2005, without an agreement of either party as to the express terms of a new agreement. The 2000 CBA contained an evergreen provision under section 23.1 which stated that the Agreement would automatically renew itself on an annual basis unless notice was given that the Agreement would be terminated or modified. Plaintiffs did not provide notice of a modification or termination of said Agreement.

2. In May of 2005, Defendant received a new Collective Bargaining Agreement from the Union which included a provision increasing the contribution rate from $2.05 per hour to up to $4.00 per hour, which Defendant refused to sign.

3. Defendant immediately objected to and continues to object to the demand for payment by the Union for Trust contribution rates above the rates as agreed in the 2000 Collective Bargaining Agreement. After Defendant's objection to the new rates under the 2005 Collective Bargaining Agreement, the Defendants began to harass and threaten litigation against Defendant unless he agreed to pay the rates under the new Collective Bargaining Agreement.

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

4. That on or about October 2006, defendants paid the alleged $899.61, it was paid in full by crediting past overpayments.

5. The defendants paid sums sufficient to cover the requirements of the old Collective Bargaining Agreement and in fact paid more than those sums on a number of occasions based on miscalculations of both the Union and Defendant, as well as harassment and threats of litigation from the Union. The Union was always aware that defendants disputed the rates that that were demanded of them on the basis that they had not signed a new and were therefore, not subject to a new Collective Bargaining Agreement effective after the expiration of the 2005 Agreement. To date, the Defendant has overpaid the Trust, contributions in excess of $40,000.00 under protest and solely based on the continuous harassment from the Union. Defendant is entitled to a refund of the overpaid contributions which were paid based on a mistake of law or fact.

6. Plaintiffs are not entitled to payment of their claims of Trust contributions for non union related work performed by two of the Defendant's employees during the months of November and December of 2005.

<u>Issues of Law</u>

The following issues of law are to be determined by the Court:

I. Agreed Issues

1. Whether, as a matter of law, there is evidence to support the Plaintiffs' claim that the Defendant is still a party to the Collective Bargaining Agreement, effective March 2005 through current.

PRE-TRIAL ORDER
CASE NO. C06-5145 KLS - PAGE 6 OF 14

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

2. Whether, as a matter of law, there is evidence to support the Plaintiffs' claim that the Defendant has adopted the general industry employer contribution rates through its conduct.

## II. Defendants' Issues

1. Whether, as a matter of law, there is sufficient evidence to support the Defendant's claim that the Defendant is still a party to the Collective Bargaining Agreement, effective March 1, 2000.

2. Whether, as a matter of law, there is sufficient evidence to support the Defendant's claim that based on the evergreen clause of Section 23.1 of the 2000 Collective Bargaining Agreement that the upon the expiration of the 2000 Collective Bargaining Agreement on February 28, 2005, that the Agreement automatically renewed upon the terms and general industry employer contribution rates from the 2000 Collective Bargaining Agreement.

3. Whether, as a matter of law, the Defendant is entitled to a refund for any Trust contribution payments made by Defendant either by a mistake of law or fact.

<u>Expert Witnesses</u>

On behalf of the Plaintiff:

1. Ms. Carol Olsen Steiner-Auditor
   Steiner Accounting Services, Inc.
   2430 240th St. SE
   Bothell, WA 98021
   425-483-1951

   Ms. Olsen will testify to the accuracy and substance of the payroll audit.

PRE-TRIAL ORDER
CASE NO. C06-5145 KLS - PAGE 7 OF 14

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

On behalf of the Defendant:

    1. Mr. Bret Berglund, CPA
       Fullaway, Lamphear and Sauve, PLLC
       5501 Pacific Highway East
       Federal Way, WA 98424
       (253) 952-3478

Mr. Berglund will testify to the amounts due and the actual amounts paid under the Agreement between the parties.

## Other Witnesses

On behalf of the Plaintiff:

    1. Mr. Erik Reed-Administrator of the Employee Painters Trust Funds
       Zenith Administrators, Inc.
       201 Queen Anne Ave. N., Suite 100
       Seattle, WA 98109-4896

Mr. Reed will testify to the Trust Funds' administrative policies and procedures.

    2. Mr. Steven Bloom
       Painters' District Council No. 5
       Labor Temple, Rm. 324
       2800 First Ave.
       Seattle, WA 98121

Mr. Bloom will testify to the current status of the Collective Bargaining Agreement and the relationship between the International Brotherhood of Painters and Allied Trades District Council No. 5 and Brydon Painting.

On behalf of the Defendant:

    1. Timothy E. Jackson, Defendant
       President, Brydon Painting Services, Inc.
       2819 – 200th Avenue East
       Lake Tapps, WA 98391
       (253) 891-5453

Mr. Jackson will testify to correspondence and negotiations regarding the renewal of the Collective Bargaining Agreement and the threats made by Union

PRE-TRIAL ORDER
CASE NO. C06-5145 KLS - PAGE 8 OF 14

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

management regarding payment of Trust contributions which Plaintiffs allege were due under the Collective Bargaining Agreement.

2. Jodi L. Jackson
   Secretary, Brydon Painting Services, Inc.
   2819 – 200th Avenue East
   Lake Tapps, WA 98391
   (253) 891-5453

Mrs. Jackson will testify regarding correspondence related to and the amounts paid and amounts which the union claims were due as Trust contributions under the Collective Bargaining Agreement.

3. Paul James
   2819 – 200th Avenue East
   Lake Tapps, WA 98391
   (253) 891-5453

Mr. James will testify to the scope of the non-union related work which was performed in November and December of 2005 for which Plaintiffs are seeking trust contributions under the Collective Bargaining Agreement.

4. Dirk Scott Rickley
   5125 N. 30th St
   Tacoma, WA 98407-3305
   (253) 503-7173

Mr. Rickley will testify to the scope of the non-union related work which was performed in November and December of 2005 for which Plaintiffs are seeking trust contributions under the Collective Bargaining Agreement.

5. Michael D. Ball
   Business Manager
   International Union of Painters and Allied Trades, AFL-CIO, CLC
   District Council #5
   2800 First Avenue #324
   Seattle, WA 98121
   (206) 441-5554

Mr. Ball will testify to negotiations regarding the 2005 Collective Bargaining Agreement and correspondence related thereto with Defendants.

6. Ron Krebs
   Business Representative
   International Union of Painters and Allied Trades, AFL-CIO, CLC
   District Council #5

PRE-TRIAL ORDER
CASE NO. C06-5145 KLS - PAGE 9 OF 14

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

    2800 First Avenue #324
    Seattle, WA 98121
    (206) 441-5554

Mr. Krebs will testify to negotiations regarding the 2005 Collective Bargaining Agreement and correspondence related thereto with Defendants.

7. Chris Winthers
  Business Representative
  International Union of Painters and Allied Trades, AFL-CIO, CLC
  District Council #5
  2800 First Avenue #324
  Seattle, WA 98121
  (206) 441-5554

Mr. Winthers will testify to discussions with Defendant's employees regarding negotiations and Defendant's refusal to accept the new Collective Bargaining Agreement.

8. Melissa Kollman
  Accounts Control Technician
  Zenith Administrators
  Northwest Region
  Suite 220, White Flag Building
  104 South Freya
  Spokane, WA 99202
  (509) 534-5625

Ms. Kollman will testify to correspondence relating to Defendant's refusal to pay the 2005 Collective Bargaining Agreement rates.

## Exhibits

<u>Plaintiffs' Exhibits</u>
(a) Admissibility and Authenticity Stipulated:

1. The Collective Bargaining Agreement between Brydon Painting and the International Union of Painters and Allied Trades covering the period March 1, 2000 to February 28, 2005.

PRE-TRIAL ORDER
CASE NO. C06-5145 KLS - PAGE 10 OF 14

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

2. The Master Agreement between the International Union of Painters and Allied Trades and Northwest Wall and Ceiling Contractors Association covering the period March 1, 2005 to February 28, 2010.

3. The Trust Agreements for the Employee Painters Trust Health and Welfare Fund including all drafts and amendments, effective January 12, 2001.

4. The Trust Agreements for the Western Washington Painters Defined Contribution Pension Trust including all drafts and amendments, effective September 22, 1983.

5. The Trust Agreements for the Western Washington Painters Apprenticeship and Training Trust including all drafts and amendments, effective May 15, 1996.

6. Trust Agreements for the Western Washington Painters Labor Management Cooperation Trust including all drafts and amendments, effective October 15, 1998.

7. Employer Report Forms covering the period of March 2000 through September 2006.

8. Payroll Audit Report prepared by the accounting firm of Steiner Accounting Service dated August 8, 2006, including attached Schedules I & II.

9. The Affidavit of Ms. Melissa Kollman dated January 24, 2007.

10. The Affidavit of Ms. Carol Olsen Steiner dated January 24, 2007.

11. A print-out from the Washington Secretary of State's Webpage listing the corporate officers of Brydon Painting Services, Inc.

Defendants' Exhibits
(a)   Admissibility and Authenticity Stipulated:

PRE-TRIAL ORDER
CASE NO. C06-5145 KLS - PAGE 11 OF 14

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

12. Letter from Michael D. Ball, Business Manager for District Council #5 to "All Employers signatory to the Western Washington Area Agreement for the Painting Industry" dated February 28, 2005 regarding negotiations for the 2005 Collective Bargaining Agreement.

13. Letter from Ron Krebs, Business Manager of District Council #5 to Tim Jackson dated May 12, 2005 regarding request for signatures for the 2005 Collective Bargaining Agreement.

14. Letter from Tim Jackson to District Council #5 dated February 25, 2006 regarding Steiner Accounting Services, Inc. February 1, 2006 request for an audit of Defendant's accounting records.

15. Letter from Melissa Kollman, Accounts Control Technician for Zenith Administrators to Jodi Jackson dated September 27, 2006 regarding Overpayment of contributions for Western Washington Painters' Trusts.

16. Letter from Melissa Kollman, Accounts Control Technician for Zenith Administrators to Jodi Jackson dated October 16, 2006 regarding Remaining Credit Balance for Western Washington Painters' Trusts.

17. Sworn Statement of Paul James dated September 28, 2006 regarding non-union related work performed as employee for Defendant in November and December of 2005.

18. Sworn Statement of Dirk Scott Rickley dated September 28, 2006 regarding non-union related work performed as employee for Defendant in November and December of 2005 attached to Affidavit of Dirk Scott Rickley dated March 23, 2007.

PRE-TRIAL ORDER
CASE NO. C06-5145 KLS - PAGE 12 OF 14

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

19. Statement dated October 2006 from Western Washington Painters Trusts regarding monthly contribution report.

20. Affidavit of Tim Jackson dated March 21, 2007 with attached Exhibit regarding Defendant's accounting calculations regarding overpayment of Trust contributions for period of January 2001 through June of 2006.

21. Monthly Contribution Report Statement dated October 8, 2006, from Western Washington Painters Trusts showing that a credit of $670.08 was applied.

22. Demand Letter from Trusts dated November 22, 2005, from Mr. John Ranquet, attorney at law, to defendants. Demand Letter from Trusts dated January 19, 2006, from Mr. John Ranquet, attorney at law, to defendants. Correspondence letter dated February 12, 2006, from Mr. John Ranquet, attorney at law, to defendants.

Defendant reserves the right to call any of Plaintiffs' witnesses, and also to call necessary rebuttal witnesses. Defendant further reserves the right to call any other witnesses that the Plaintiffs learn about through discovery but fails to properly disclose.

Plaintiff reserves the right to call any of Defendants' witnesses, and also to call necessary rebuttal witnesses. Plaintiff further reserves the right to call any other witnesses that the Defendants learn about through discovery but fails to properly disclose.

### Action by the Court

1. This case is scheduled for trial without a jury on April 4, 2007, at 9:30am.

2. Trial briefs shall be submitted to the Court on or before Friday, March 23, 2007.

PRE-TRIAL ORDER
CASE NO. C06-5145 KLS - PAGE 13 OF 14

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587

1 **THIS ORDER** has been approved by the parties as evidenced by the signatures of their

2 counsel.  This order shall control the subsequent course of the action unless modified by a

3 subsequent order.  This Order shall not be amended except by order of the Court pursuant to

4 agreement of the parties or to prevent manifest injustice.

5 DATED this 2nd day of April, 2007.

6

7 _____
Karen L. Strombom
United States Magistrate Judge

8

9

10

11

12 FORM APPROVED

13 s/John R. Spencer                                      s/Robert A. Bohrer
WSBA #32188                                          WSBA #5050
Spencer Law Firm, LLC                             Ekman, Bohrer & Thulin, P.S.
14 1326 Tacoma Ave. S, Ste. 101                 220 W. Mercer, Ste. 400
Tacoma, WA  98401-1803                         Seattle, WA  98119
15 Telephone: (253) 383-2770                      Telephone: (206) 282-8221
Fax: (253) 572-4207                                    Fax: (206) 285-4587
16 E-mail: jspencer@spencer-lawfirm.com   E-mail: r.bohrer@ekmanbohrer.com
Attorney for Defendant(s)                           Attorney for Plaintiff(s)

17

18 S:\Collections\WWP-3410\Pleadings\2007\Brydon Painting 3410 USDC Agreed Pretrial Order.doc
Z:\Jackson, Tim\US Dist. Court 06-0517\Pleadings\SLF Draft Agreed Pretrial Order.doc

19

20

21

22

23

24

25

PRE-TRIAL ORDER
CASE NO. C06-5145 KLS - PAGE 14 OF 14

EKMAN, BOHRER & THULIN, P.S.
QUEEN ANNE SQUARE
220 WEST MERCER ST., SUITE 400
SEATTLE, WASHINGTON 98119
TELEPHONE (206) 282-8221
FAX (206) 285-4587